**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | |
| **NAGUABO TEXACO INC** | **CASE NO. 09-03286 BKT** |
|     **Debtor** | |
| | **Chapter 7** |
| **NOREEN WISCOVITCH RENTAS TRUSTEE OF THE ESTATE OF NAGUABO TEXACO, INC.** | **ADVERSARY NO. 09-0232** |
|     **Plaintiff** | |
| **ISRAEL MARCANO RIVERA** | |
|     **Defendant** | |
| | **FILED & ENTERED ON 02/11/2011** |

## OPINION AND ORDER

This proceeding is before the Court upon the Plaintiff's Motion for Summary Judgment [Dkt. No. 36], the Defendant's opposition to the Plaintiff's Motion for Summary Judgment [Dkt. No. 39], and the Plaintiff's reply to the Defendant's opposition to the Plaintiff's Motion for Summary Judgment [Dkt. No. 40]. For the reasons set forth below, the Plaintiff's Motion for Summary Judgment is GRANTED.

I. FACTUAL BACKGROUND

The Plaintiff's complaint avers (1) that the Defendant, Israel Marcano Rivera (Marcano), was the president of the Debtor corporation, and therefore an insider as defined in 11 U.S.C. § 101(31); (2) that Marcano sold assets of the Debtor within a year of the Debtor's petition date; (3) that Marcano deposited these funds into, and later withdrew said funds from, a personal bank account; and (4) that said transfer constitutes a recoverable preference under 11 U.S.C. § 547(b). The Defendant responds by stating that (1) no other creditors were adversely affected by this transfer; (2) the Debtor was not insolvent on the date of the transfer; and (3) that the Defendant did not acquire control and actual ownership of the funds. The Plaintiff sur replies that (1) the Department of Labor had four outstanding claims which were prejudiced by the transfer; (2) the Debtor admitted to being insolvent at the time of transfer in his answer to the Complaint; and (3) that the Debtor deposited the funds in question into, and later withdrew said funds from, a personal bank account.

II. SUMMARY JUDGMENT STANDARD:

Under Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7056, summary judgment is available "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corporation v. Catrett, 477 U.S. 317 (1986) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)). As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact. In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank (In re Rijos), 263

B.R. 382, 388 (B.A.P. 1st Cir. 2001). A fact is deemed "material" if it potentially could affect the outcome of the suit. Cortes-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. The Court must view the evidence in a light most favorable to the nonmoving party. In re Rijos, 263 B.R. 382, at 388. Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Id. In the case before us, all of the material facts have been accepted by Defendant in the Answer to the Complaint.

### III. LEGAL ANALYSIS AND DISCUSSION:

For a trustee to recover an allegedly preferential transfer under 11 U.S.C. § 547(b), he or she must show that the transfer was made (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) while the debtor was insolvent; (4) between ninety days and one year before the date of the filing of the petition (if the creditor was an insider); and (5) that the transfer enables such creditor in a chapter 7 case to receive more than such creditor would receive if the transfer had not been made. The Defendant admits (1) to having been the president and an insider of the Debtor corporation (Paragraph 6 of the Complaint and Answer thereto, Dkt. Nos. 1 and 28, respectively); (2) that the transfer was made on account of an antecedent debt owed by debtor (Paragraph 12 of the Complaint and Answer thereto); (3) that the Debtor was insolvent at the time of the transfer in question, (Paragraph 7 of the Complaint and Answer thereto). The Defendant thus implicitly admits that the transfer was made to a creditor of the Debtor corporation, as it was paid to the corporation's president who had advanced personal loans to

the corporation. The petition was filed on April 27, 2009, and the transfer was made in October 2008, and thus was made within one year of the petition date. Had the transfer not been made, the funds from the transfer in question would have been distributed to all creditors. The claims register shows several outstanding claims which were prejudiced by the transfer, and thus the Defendant, as a creditor of the Debtor corporation, received more than he would have if the transfer had not been made. The Trustee has thus satisfied all the requirements to show that the transfer in question was a recoverable preference.

**WHEREFORE,** the Plaintiff's Motion for Summary Judgment shall be, and hereby is, GRANTED. Judgment will be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 11th day of February, 2011.

*Brian K. Tester*
**Brian K. Tester**
**U.S. Bankruptcy Judge**